UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT LEON MERTENS,<br><br>        Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | Case No. 2:09-CV-00503-EJL<br><br>**MEMORANDUM ORDER** |

Before the Court in the above entitled matter are several pro se Motions filed by the Petitioner Robert Mertens including: Motions for Recusal/Disqualification and Motion to Extend Time. The Government has responded to the Motions. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Motions shall be decided on the record before this Court without oral argument.

**MEMORANDUM ORDER - 1**

**Discussion**

I.  **Motion for Recusal**

Mr. Mertens has filed multiple requests that Judge Lodge be disqualified or recuse himself from further participation in this case. In the first two Motions, made pursuant to 28 U.S.C. § 455, Mr. Mertens argues recusal is necessary because Judge Lodge denied Motions for Recusal made at or around the time of the underlying trial in this matter. (CV Dkt. Nos. 5, 10.)[1] In so ruling, Mr. Mertens argues, Judge Lodge is prejudged to the arguments and claims he now raises in his § 2255 Petition; namely claims of ineffective assistance of counsel and governmental misconduct. (CV Dkt. Nos. 5, 10.) The most recent Revised Motion to Disqualify asserts Mr. Mertens has new evidence showing Judge Lodge has a personal bias or prejudice against him exhibited during the pre-trial stage of the underlying criminal case. (CV Dkt. No. 14.) This Revised Motion is made pursuant to 28 U.S.C. § 144 and contends Judge Lodge has "turned a willful blind eye to essential facts of the underlying criminal case." (CV Dkt. No. 14.) Mr. Mertens' has attached an Affidavit pointing to "new evidence" relating to a brown attaché case which he claims contains evidence of his brother's alleged murder and attendant conspiracy by law enforcement. (CV Dkt. No. 14.) This "new evidence," he argues, was revealed at a February 8, 2011 hearing concerning Mr. Mertens' complaint filed with the Idaho State

---

[1] The Court's Order will use (CV Dkt. No. ) when citing to documents in the civil case involving the § 2255 Petition and will use (CR Dkt. No. ) when citing to documents in the underlying criminal case, Case No. CR06-173-N-EJL.

**MEMORANDUM ORDER - 2**

Bar against one of the attorneys for the Government. (CV Dkt. No. 14.) Mr. Mertens attached CDs of the hearings wherein he asserts there is evidence of a conspiracy by law enforcement; a claim which he points out this Court has previously considered and rejected in Motions during the underlying criminal case. The Government has responded that the Motions are 1) untimely, 2) unsupported by the facts, and 3) fails to show any bias by the Court. (CV Dkt. No. 15.)

As pointed out by the Government, motions for recusal or disqualification of an allegedly biased judge must be made timely and show bias. *See* 28 U.S.C. §§ 144, 455; (CV Dkt. No. 15.) Here, Mr. Mertens has filed numerous Motions for recusal or disqualification. The latest such Motion is based upon purported new evidence that was discovered by Mr. Mertens on February 8, 2011. (CV Dkt. No. 14.) The Motion based upon this new evidence was not filed until May 31, 2011. (CV Dkt. No. 14.) As such, the Motion was filed after a significant delay. However, because Mr. Mertens is pro se and incarcerated and has filed similar motions throughout these proceedings, the Court will consider the substance of the Motions.

Under § 455(a), any United States judge is under an affirmative duty to recuse themselves, "in any proceeding in which his [or her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge must also recuse themselves in cases where the judge "has a personal bias or prejudice concerning a party or personal knowledge concerning the proceeding." 28 U.S.C. § 455(b)(1). Section 144, provides a procedure for

**MEMORANDUM ORDER - 3**

a party to recuse a judge stating: "[i]f the judge before whom the matter is pending has a personal bias or prejudice against him or in favor of any adverse party...[he] shall proceed no further...." 28 U.S.C. § 144.

A litigant seeking to disqualify a judge must establish that the judge's bias or prejudice reflects an obvious inability to fairly preside over a proceeding. *See, e.g., Liteky v. United States*, 510 U.S. 540, 551-52 (1994). The standard for both statutes is whether a "reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008). This "reasonable person" means a "well-informed, thoughtful observer, as opposed to a hypersensitive or unduly suspicious person." *Clemens v. United States Dist. Ct. for the Central Dist. of Cal.*, 428 F.3d 1175, 1178 (9th Cir. 2005) (citation and quotations omitted).

The party asserting recusal must file a "sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party...." 28 U.S.C. § 144. Such affidavit shall "state the facts and the reasons for the belief that bias or prejudice exists" and shall be made in good faith. 28 U.S.C. § 144. The evidence must show "animus more active and deep rooted than an attitude of disapproval toward certain persons because of their known conduct" in order to warrant recusal. *United States v. Wilkerson*, 208 F.3d 794, 799 (9th Cir. 2000) (quoting *United States v. Conforte*, 624 F.2d 869, 882 (9th Cir. 1980)). To prove this generally

**MEMORANDUM ORDER - 4**

requires that the alleged bias or prejudice arise from an extrajudicial source. *Clemens*, 428 F.3d at 1178 (citing *Liteky*, 510 U.S. at 554).

The Supreme Court has recognized that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555 (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)). Something other than "rulings, opinions formed or statements made by the judge during the course of trial" is required. *Holland*, 519 F.3d at 913 (citing *Liteky*, 510 U.S. at 554-56). The judge's conduct during the course of trial should not form the sole basis for recusal. *Id.* The Ninth Circuit, in *Clemens*, adopted a "non-exhaustive list of various matters not ordinarily sufficient to require a § 455(a) recusal." 428 F.3d at 1178-79. Those factors include:

> (1) Rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar nonfactual matters; (2) the mere fact that a judge has previously expressed an opinion on a point of law or has expressed a dedication to upholding the law or a determination to impose severe punishment within the limits of the law upon those found guilty of a particular offense; (3) prior rulings in the proceeding, or another proceeding, solely because they were adverse; (4) mere familiarity with the defendant(s), or the type of charge, or kind of defense presented; (5) baseless personal attacks on or suits against the judge by a party; (6) reporters' personal opinions or characterizations appearing in the media, media notoriety, and reports in the media purporting to be factual, such as quotes attributed to the judge or others, but which are in fact false or materially inaccurate or misleading; and (7) threats or other attempts to intimidate the judge.

*Id.* It is under this framework that the Court has considered Mr. Mertens' Motions in this case and finds as follows.

**MEMORANDUM ORDER - 5**

In the underlying criminal matter, Mr. Mertens was charged with multiple counts of drug and firearm related charges including conspiracy to distribute cocaine and marijuana, distribution and possession with intent to distribute cocaine and heroin, possession with intent to distribute marijuana, use of telephone to facilitate the distribution of controlled substances, felon in possession of a firearm, brandishing a firearm during and in relation to a drug trafficking crime, money laundering, criminal drug forfeiture, criminal firearms forfeiture, and money laundering forfeiture. (CR Dkt. No. 108.) A jury convicted Mr. Mertens on all counts. (CR Dkt. Nos. 375, 383.) On December 13, 2004, this Court sentenced Mr. Mertens to a concurrent term of 444 months imprisonment, followed by five years supervised release, and a $3,500 special assessment. (CR Dkt. Nos. 405, 409.) The Court also ordered Mr. Mertens to comply with the terms and conditions of the Forfeiture Order and denied post-trial Motions for Recusal and Judicial Misconduct. (CR Dkt. Nos. 389, 394, 409.)

Mr. Mertens appealed his conviction, sentence, and order of forfeiture. (CR Dkt. Nos. 410, 411.) The Ninth Circuit affirmed his conviction but issued a limited remand of the sentencing consistent with the then recent decision in *United States v. Booker*, 543 U.S. 220 (2005). (CR Dkt. No. 459.) The Court denied Mr. Mertens Motion for Re-sentencing. (CR Dkt. No. 476.) Mr. Mertens appealed that ruling to the Ninth Circuit who affirmed this Court's decision. (CR Dkt. Nos. 477, 497) (*United States v. Mertens*, 277 Fed. Appx. 716 (9th Cir. 2008)).

**MEMORANDUM ORDER - 6**

The Court has reviewed the record and finds there is neither bias nor resulting prejudice by Judge Lodge in this case which warrant recusal. *See* 28 U.S.C. § 144. Mr. Mertens' allegations are based upon the Court's rulings against him during these proceedings; not any bias or prejudice derived from an extrajudicial source. *See Clemens*, 428 F.3d at 1178 (citing *Liteky*, 510 U.S. at 554). Mr. Mertens has not pointed to any of the Court's rulings or other part of these proceedings where the Court exhibited any deep-seeded animus against him such that bias or prejudice exist. Further, the Court has examined the record and finds nothing in this proceeding draws into question its impartiality nor are there circumstances requiring that it disqualify itself. *See* 28 U.S.C. § 455. The Court is mindful of the fact that judges have as "strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Clemens*, 428 F.3d at 1179 (citation omitted). Here there simply is no evidence of bias or prejudice against Mr. Mertens.

As to the "new evidence" relating to the brown attaché case, the record does not support Mr. Mertens' allegations of bias or prejudice against him by the Court. In particular, as detailed by the Government, the revelations allegedly made by the Assistant United States Attorney Tony Hall during the February 8, 2011 Idaho State Bar disciplinary inquiry are not linked to any prejudice or bias by the Court. (CV Dkt. No. 15, p. 8.) Mr. Mertens does contend in his Affidavit that the Court's prior rulings disregarded his arguments regarding these events. However, rulings by the Court in and of themselves

"almost never constitute a valid basis" for finding bias or prejudice. *Liteky*, 510 U.S. at 555. Moreover, the record reflects that the Court's rulings in the underlying criminal case were not biased. Mr. Mertens has not pointed to anything in the record upon which a reasonable and knowledgeable person would conclude bias, prejudice, or impartiality exists in this case. Because the arguments made by Mr. Mertens in his briefing fail to demonstrate any prejudice or bias or demonstrate any impartiality on the part of this Court, the Motions for Recusal and Disqualification (CV Dkt. Nos. 5, 10, 14) are denied.

II.     **Motion for Extension of Time and To Amend Briefing Schedule**

Mr. Mertens filed a request asking for additional time in which to file a memorandum of points and authorities in support of his § 2255 Petition. (CV Dkt. No. 3.) In addition, Mr. Mertens asked for leave to amend the briefing schedule to afford additional time for him to file an amended petition and for the parties to file responsive briefing. (CV Dkt. No. 4.) Thereafter, Mr. Mertens filed his Amended § 2255 Petition and the Government has responded to the same. (CV Dkt. Nos. 6, 7.) As such, the Court finds the Motions requesting leave to amend and additional time for briefing are moot.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED as follows:

1)    Petitioner's Motions for Recusal or Disqualification (CV Dkt. Nos. 5, 10, 14) are **DENIED**.

**MEMORANDUM ORDER - 8**

2) Petitioner's Motion for Extension of Time and Motion to Amend (CV Dkt. Nos. 3, 4) are **MOOT**.

DATED: **June 28, 2011**



Honorable Edward J. Lodge
U. S. District Judge