UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ROBERT MERTENS,<br><br>　　　　　Defendant/Petitioner. | Case No.　2:03-cr-00073-EJL<br>　　　　　　2:09-cv-00503-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Defendant/Petitioner Robert Merten's Motion (Dkt. 1) to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. The motion is fully briefed and at issue. Being familiar with the record and having considered the briefing, the Court will deny the motion as set forth below.

## BACKGROUND

Defendant Mertens was indicted on charges ranging from possession and distribution of cocaine, heroin, and marijuana, to possession of a firearm and money laundering. (Indictment, Dkt. 1 in criminal case).[1] Mertens proceeded to a trial by jury in August of 2004. The following month, the jury returned guilty verdicts on all counts. (Dkts. 375, 382). In December 2004, the Court sentenced Mertens to 444 months imprisonment, followed by 5 years of supervised release, and a $3,500 special

---

[1] Throughout the Background section of this decision, docket entries refer to those entered in Defendant's criminal matter, Case No. 2:03-cr-00073-EJL, unless otherwise indicated.

**MEMORANDUM DECISION AND ORDER -**

assessment. (Dkt. 405). Mertens appealed his conviction, sentence, and order of forfeiture to the Ninth Circuit Court of Appeals. (Dkt. 411). On February 15, 2006, the Ninth Circuit affirmed the conviction, but ordered a limited remand for re-sentencing consistent with *United States v. Booker*, 125 S.Ct. 738 (2005), in light of *United States v. Moreno-Hernandez*, 419 F.3d 906 (9th Cir. 2005). (Dkt. 459-1).

On remand, the Court considered the record and arguments of parties, and reviewed the transcript from trial. The Court concluded that its sentencing would not have been different had the Court known the sentencing guidelines were advisory, rather than mandatory. (Dkt. 476). Mertens filed a second notice of appeal (Dkt. 477). The Ninth Circuit affirmed this Court, finding that it "correctly interpreted our limited remand." *United States v. Mertens*, 277 Fed.Appx. 716 (9th Cir. 2008). Mertens filed a petition for writ of certiorari to the United States Supreme Court; the petition was denied in October 2008. Mertens then filed this Motion under § 2255 (Dkt. 515, Dkt. 1 in civil case), asserting ineffective assistance of trial and appellate counsel, and prosecutorial misconduct.

## LEGAL STANDARD

A prisoner asserting the right to be released "may move the court which imposed the sentence to vacate, set aside or correct the sentence" under 28 U.S.C. § 2255(a). Section 2255 provides four grounds that justify relief for a federal prisoner who challenges the fact or length of his detention: (1) whether "the sentence was imposed in violation of the constitution or laws of the United States;" (2) whether the court was without jurisdiction to impose such sentence; (3) whether the sentence was "in excess of

the maximum authorized by law;" or (4) whether the sentence is "otherwise subject to collateral attack." *See Hill v. United States*, 368 U.S. 424, 428 (1962). Despite this seemingly broad language, "the range of claims which may be raised in a § 2255 motion is narrow." *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981).

The Court recognizes that a response from the government and a prompt hearing are required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . .." 28 U.S.C. § 2255(b). Further, a hearing must be granted unless the movant's allegations, "when viewed against the record, either fail to state a claim for relief or are 'so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984), *cert. denied*, 470 U.S. 1058 (1985) (citations omitted); *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985). A district court may summarily dismiss a § 2255 motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . .." Rule 4(b), Rules Governing § 2255 Proceedings in the United States District Court. Thus, in order to withstand summary dismissal of his motion for relief under § 2255, the defendant "must make specific factual allegations which, if true, would entitle him to relief on his claim." *United States v. Keller*, 902 F.2d 1391, 1395 (9th Cir. 1990).

Where a motion under § 2255 is based on alleged constitutional or jurisdictional error, one must be careful to distinguish mere errors of law or fact. *See* Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 593 (2d ed. 1982). If the alleged error is one of law or fact, then § 2255 does not provide a basis for collateral

**MEMORANDUM DECISION AND ORDER -**

attack "unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Addonizio*, 442 U.S. 178, 185 (1979) (citing *Hill*, 368 U.S. at 428).

Section 2255 is not a substitute for appeal. *Addonizio*, 442 U.S. at 184. "Errors of law which might require reversal of a conviction or sentence on appeal do not necessarily provide a basis for relief under § 2255." *United States v. Wilcox*, 640 F.2d 970, 973 (9th Cir. 1981). Where a defendant fails to raise claims on direct review, those claims are procedurally defaulted unless he can demonstrate cause for and prejudice from the procedural default, or actual innocence. *United States v. Ratigan*, 351 F.3d 957, 962 (2003)(citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)). However, when a particular issue "has been decided adversely on appeal from a conviction, it cannot be litigated again on a 2255 motion." *Odom v. United States*, 455 F.2d 159, 160 (9th Cir. 1972)(citations omitted).

## ANALYSIS

Where a petitioner's allegations, "viewed against the record, fail to state a claim for relief," or where otherwise warranted, the Court may summarily dismiss a § 2255 motion, without a hearing. *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996)(citations omitted). In a § 2255 motion, conclusory statements, without more, are insufficient to require a hearing. *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993). As more fully expressed below, the Court finds that Mertens' allegations, when viewed against the record, fail to state a claim for relief.

**MEMORANDUM DECISION AND ORDER -**

1.      **Ineffective Assistance of Counsel**

A claim of ineffective assistance of counsel is a basis for habeas relief, and need not be raised on direct appeal to preserve the issue for collateral attack. *United States v. Withers*, 638 F.3d 1055, 1066 (9th Cir. 2011)(citing *Massaro v. United States*, 538 U.S. 500, 505 (2003)). Mertens has the burden of proving ineffective assistance of counsel, by showing (1) that counsel performed so deficiently as to fall below an objective standard of reasonableness; and (2) prejudice – that but for counsel's deficiencies, the outcome would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-694 (1984). These standards apply equally to trial and appellate counsel. *Smith v. Murray*, 477 U.S. 527, 535-36 (1986).

In evaluating counsel's performance, there is a strong presumption favoring a finding of effectiveness. *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986)(citation omitted). A difference of opinion as to trial tactics will not satisfy a finding of ineffectiveness. *United States v. Mayo*, 646 F.2d 369, 375 (9th Cir. 1981). Regarding prejudice, the court considers "the totality of the evidence . . . and presume[s] that the judge or jury acted according to law." *Strickland*, 466 U.S. at 695. A defendant "has the ultimate authority to [decide] . . . whether to plead guilty, waive a jury, testify in his or her own behalf, or to take an appeal." *Jones v. Barnes*, 463 U.S. 745, 751 (1983). However, there is no constitutional right for a defendant to require presentation of points that counsel decides, in his or her professional judgment, not to pursue. *Id.* Counsel has the ultimate responsibility for his or her client's defense at trial, and therefore must have "wide latitude . . . in making tactical decisions" without need to consult the defendant.

**MEMORANDUM DECISION AND ORDER -**

*Strickland v. Washington*, 466 U.S. 668, 689 (1984); *see also Wainwright v. Sykes*, 433 U.S. 72, 93 (1977).

With respect to appellate counsel, the courts have similarly recognized that counsel "must be allowed to decide what issues are to be pressed." *Jones v. Barnes*, 463 U.S. 745, 751 (1983).

### A.   Trial Counsel

According to Mertens, his trial counsel failed to (1) impeach testimony by government witnesses during a suppression hearing; (2) challenge false accusations at detention hearings, that Mertens had been convicted for a crime of violence; (3) argue that search of his residence violated his Fourth Amendment rights; (4) impeach government witness with the witness's alleged improprieties; (5) impeach government witness with prior conviction; (6) challenge the Court's limitations on cross-examination; and (7) present evidence of perjury by government witness.

#### (1)   *Failure to impeach government witnesses at suppression hearing*

According to Mertens, testimony at trial by Detective Swanson conflicted with that of Detective Bradbury, regarding execution of a search warrant for Mertens' residence. (Mot., Dkt. 6). The alleged conflict concerns whether an alarm triggered during the search of Mertens' home was on a safe, or on a door to the room that held the safe. Swanson testified that he did not recall a door to the safe room, only a door frame. (Mot., Dkt. 6 at 10). Bradbury testified that the alarm was emanating from the safe room area, but she did not know what set the alarm off, or when. (Response, Dkt. 13 at 8). Mertens argues that counsel should have impeached Swanson "on the matter of a 'door' verses

**MEMORANDUM DECISION AND ORDER -**

[sic] a 'door-frame,'" thereby discrediting Detective Swanson's testimony at trial. (Mot., Dkt. 6 at 13). Given this evidence, the Court finds no deficiency in counsel's performance. Even if counsel had made (or made greater) efforts to discredit Swanson about the layout of the safe room, Mertens has not shown that such efforts would have impacted the outcome of his trial. Mertens' allegations are conclusory, without sufficient specificity to meet his burden of proving either deficient performance, or prejudice.

### (2) *Failure to challenge alleged prior conviction*

The same can be said of Mertens' argument that counsel failed to dispute claims that Mertens had a prior conviction for a crime of violence. (Mot., Dkt. 6 at 14). Mertens' trial counsel, D. Ray Barker and then John Miller, filed multiple motions to release Mertens from detention (or for reconsideration thereof), arguing that Mertens had not been convicted of a crime of violence. (Mots. Dkts. 63, 98, 192, 221, 281 in criminal case). The Court nonetheless denied release or reconsideration of denial of release. (Orders, Dkts. 86, 147, 217, 286 in criminal case). Mertens has shown no deficiency in counsels' performance in this regard. His motion under § 2255 will be denied with respect to this argument.

### (3) *Failure to raise Fourth Amendment challenge*

Mertens claims that counsel failed to raise a Fourth Amendment challenge to the search of his home relating to the presence of a patrol trooper's wife at the search site. (Mot., Dkt. 6 at 16). According to Mertens, Detective Bradbury committed perjury when she testified that no spouses stayed the night at the search site. (Id.) But Mertens notes Bradbury's qualifying language, when asked if any spouses stayed the night, when she

**MEMORANDUM DECISION AND ORDER -**

said "[n]ot to my knowledge, I did not stay there that night, but no." (Id.) This evidence does not show that counsel objectively failed to challenge Bradbury's testimony as false. Counsel raised the issue of unauthorized persons at the residence during the search, and this Court rejected the challenge. (Order, Dkt. 356 in criminal case at 10). Mertens thus fails to show that counsel performed deficiently, or that any prejudice resulted.

### (4) *Failure to present evidence of theft and other impropriety by government witness*

Mertens contends that confidential informant Don Stovall stole rare coins and other property from Mertens. (Mot., Dkt. 6-1 at 1). According to Mertens, his counsel failed to subpoena records from E-bay and other agencies, to demonstrate Stovall's unlawful behavior. At trial, counsel questioned Stovall about allegations of theft, and attempted to impeach Stovall by inquiring about his being fired from Mertens' store for theft. (Response, Dkt. 13 at 13). Counsel's decisions concerning what evidence and which witnesses to present are the sort of tactical decisions that the courts have left within the "wide latitude" of counsel. *Strickland*, 466 U.S. at 689. Further, the record shows that counsel filed a motion to compel disclosure of evidence, including records regarding Mertens' stolen coins. (Dkt. 386 in criminal case). Here, Mertens has not shown that any particular document, if obtained, would have affected the outcome of his case. The Court is not persuaded that counsel's actions or inaction were objectively unreasonable, or that counsel's tactical choices on this issue prejudiced the outcome of Mertens' case. This argument therefore fails.

**MEMORANDUM DECISION AND ORDER -**

### (5)    *Failure to impeach government witness with prior conviction*

According to Mertens, Detective Walt Richard, who was involved in the investigation against Mertens, has been convicted of tampering with evidence. In support, Mertens states that he was "advised by an attorney that Walt Richard has a misdemeanor conviction for tampering with evidence." (Mertens Aff., Dkt. 244 in criminal case, ¶ 27). This allegation is conclusory at best, lacking documentary – or any other – support other than Mertens' own self-serving statement. In his own affidavit, Mertens fails to identify the attorney who allegedly advised him of Detective Richard's misdemeanor conviction. Mertens asserts that Richard knew of his own prior conviction, therefore such evidence should have been discovered by Mertens' trial counsel. This argument again lacks any independent basis in the record. The Court therefore rejects Mertens' argument that counsel was deficient in failing to impeach Detective Richard, or otherwise acquire evidence of Richard's alleged prior conviction.

### (6)    *Failure to challenge Court's rulings limiting cross-examination*

At and before trial, this Court determined that Mertens and his counsel would not be permitted to raise arguments concerning Mertens' brother's death, and other issues the Court deemed separate and irrelevant to the case against Mertens. On this motion, Mertens argues that his counsel was ineffective by "permitting the Court to rule on [Mertens'] Motion to Dismiss for Outrageous Government Conduct without affording [Mertens] a hearing on the motion." (Motion, Dkt. 6-1 at 7). By Mertens'

acknowledgment, his counsel acted in Mertens' interest, consistent with Mertens' wishes. That Mertens disagrees with the Court's rulings has no bearing on the adequacy of counsel's performance. On consideration of the record before it, this Court finds that counsel's representation with respect to his handling of the Court's rulings at trial, was well within the standard of objective reasonableness. Mertens' motion on this issue will be denied.

### (7)   *Failure to present evidence of perjury by Agent Force*

Mertens asserts that counsel failed to subpoena Bonnie Forseth, who could have rebutted testimony by Special Agent Jason Force that firearms in Mertens' possession were stolen. (Mot., Dkt. 6-1 at 9). Mertens references an affidavit by Forseth, but fails to provide the affidavit for the Court's review. Mertens' conclusory allegations and self-serving statements, without more, fail to support his claims for relief. On consideration of the totality of evidence before it, the Court finds no inadequacy in counsel's performance related to the witness, Agent Force.

### B.   Appellate Counsel

Mertens contends that his appellate counsel was deficient by failing to raise the following issues on appeal: (1) denial of the motion to suppress; (2) exclusion of evidence at trial; (3) violation of the Speedy Trial Act and his Sixth Amendment rights; (4) denial of attorney John Miller's motion to withdraw; and (5) prosecutorial misconduct.

As noted above, the courts have recognized that appellate counsel "must be allowed to decide what issues are to be pressed" on appeal. *Jones*, 463 U.S. at 751. To

succeed on this argument, Mertens must show that his appellate counsel's failure to present these challenges on appeal was objectively unreasonable. In addition, Mertens must demonstrate that, but for counsel's failure to present these arguments, the outcome of Mertens' appeal would have been different.

### (1)  *Court's decision on suppression motion*

According to Mertens, the Court's denial of his motion to suppress prior to trial was his "last hope of introducing his theory of defense," thus counsel "failed to challenge . . . the district court's denial of [Mertens'] most fundamental right to mount a defense." (Mot., Dkt. 6-1 at 11). Contrary to this assertion, Mertens' appellate counsel raised this very challenge, arguing that the district court erred by precluding Mertens' defense. (Appellate Br., Dkt. 13-1 at 23-40). That counsel's arguments were unsuccessful is immaterial. On this point, Mertens' ineffective assistance of trial counsel argument thus fails.

### (2)  *Court's exclusion of evidence at trial*

Mertens cites, as ineffective, appellate counsel's failure to challenge the Court's evidentiary rulings which allegedly hindered Mertens' ability to prove perjury by Detective Bradury and Agent Force. In support, Mertens notes that Trooper Bennett testified he observed marijuana at Mertens' residence during a search on April 9 and 10, but Detective Bradbury did not mention marijuana in her testimony about returning to Mertens' residence on April 10. Mertens has failed to connect this alleged discrepancy to an erroneous ruling by the Court, let alone to a deficiency by appellate counsel. Nor does the Court see any basis for finding prejudice to the outcome of Mertens' appeal, related to

**MEMORANDUM DECISION AND ORDER -**

counsel's performance on this issue.  Mertens' conclusory arguments provide inadequate specificity to challenge the effectiveness of his appellate counsel.  The Court will therefore reject this argument as well.

### (3)     *Violation of Speedy Trial Act*

Mertens contends his Sixth Amendment right to a speedy trial was violated.  However, the fact of delay alone can be no basis for error where reasons for delay are valid.  Mertens raises no challenge to the Court's findings of excludable time, or orders continuing trial.  Again, Mertens' arguments are conclusory only.  The Court thus finds no valid basis for challenging appellate counsel's decision not to argue a speedy trial violation.

### (4)     *Court's refusal to grant  trial counsel's motion to withdraw*

Mertens' argument that his trial counsel should have been allowed to withdraw is also conclusory.  In requesting to be relieved, Mertens' trial counsel informed the Court that there was "an irreconcilable breakdown in the attorney-client relationship" between himself and Mertens.  (Dkt. 391 in criminal case).  A breakdown in relationship is not the same as a conflict of interest, as implied in Mertens' motion.  This Court determined, in its exercise of discretion, that good cause was not shown to permit withdrawal of counsel. (Order, Dkt. 399 in criminal case, citing *United States v. Williams*, 717 F.2d 473 (9th Cir. 1983)).  Mertens has made no showing of how or why the Court's decision was in error, other than to repeat the conclusory assertion that it was an abuse of discretion.  Again, absent any basis for finding that either this Court erred in its ruling, or that appellate

**MEMORANDUM DECISION AND ORDER -**

counsel was deficient in failing to challenge the Court's ruling, Mertens' argument on this issue will be rejected.

### (5)   *Prosecutorial misconduct*

Finally, Mertens challenges appellate counsel's failure to argue prosecutorial misconduct. For reasons discussed below, the Court finds the allegation of prosecutorial misconduct unsupported by the record. Mertens has identified no grounds for finding that appellate counsel performed deficiently in failing to raise the argument on appeal. Also, Mertens has shown no prejudice from the alleged failure. Thus, the Court reject's this claim of ineffective assistance by appellate counsel.

## 2.   Prosecutorial Misconduct

Mertens argues that his motion under § 2255 should be granted in light of prosecutorial misconduct. Where claims are not raised on appeal, they are procedurally barred absent showing of cause and prejudice from the procedural default, or actual innocence. *Ratigan*, 351 F.3d at 964. Mertens satisfies the cause element in arguing that counsel should have asserted prosecutorial misconduct on appeal, but did not. However, Mertens has not established prejudice from counsel's failure to raise the claims.

As noted above, Mertens alleges that the government misled the Court with false information that Mertens had a prior conviction of a crime of violence. The record reveals that the Court was apprised of the correct information regarding Mertens' criminal history prior to trial. (Dkt. 147 in criminal case). The Court therefore finds no prejudice resulting from misinformation provided to the Court.

**MEMORANDUM DECISION AND ORDER -**

Mertens also contends that the government failed to provide all relevant discovery prior to trial.  According to Mertens, "[t]he government withheld photographic and other evidence," including video tape recordings, that would have shown there were rare coins present at the start of the search of Mertens' residence, that were later missing in inventories of Mertens' business.  (Mot., Dkt. 6-1 at 16-17, n. 18).  This discrepancy, Mertens argues, would have proven that confidential informant Stovall stole the coins, thus discrediting him.  Mertens has provided insufficient evidence to support his conclusion that Stovall stole Mertens' coins, or that the government improperly withheld evidence that would have proven the allegation.

Also, Mertens argues that Agent Force falsely testified that firearms in Mertens' possession were stolen.  Although Mertens states, in his motion, that the firearms were a gift to Mertens' father, he provides no supporting affidavit, or other evidence to independently support the claim.  Viewed against the record before the Court, Mertens fails to state a viable claim of prosecutorial misconduct.  The Court therefore rejects this argument as well.

Absent sufficient support for any claims raised in this motion, the Court finds summary dismissal appropriate.

**MEMORANDUM DECISION AND ORDER -**

## ORDER

**IT IS ORDERED THAT** Mertens' Motion to Vacate, Set Aside, or Correct Sentence (Dkt. 1) under § 2255 is DENIED, and this matter is DISMISSED in its ENTIRETY.

IT IS FURTHER ORDERED THAT the Notice for Setting or Final Order (Dkt. 17) is DENIED as MOOT.

DATED: **November 16, 2011**

Honorable Edward J. Lodge
U. S. District Judge

**MEMORANDUM DECISION AND ORDER -**