UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT LEON MERTENS<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No.   2:09-CV-00503-EJL<br>              2:03-CR-00073-EJL<br><br>**MEMORANDUM ORDER** |

Pending before the Court in the above-entitled matter is Petitioner's Second Motion made pursuant to Federal Rule of Civil Procedure 60(b) and attached materials. (Dkt. 52.) Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. In the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this Motion shall be decided on the record before the Court.

## Discussion

Petitioner again asks that this Court appoint counsel and grant an evidentiary hearing in this matter to verify the validity of the Affidavit of Bonnie Lieske Forseth dated October 17, 2006 which, Petitioner argues, was lost and/or not properly filed with the Amended Petition in this case. (Dkt. 52.) Petitioner argues Ms. Forseth's Affidavit supports

**MEMORANDUM ORDER - 1**

his argument that he is entitled to relief from the Judgment in this case and his claim that the firearm in question was a gift from his father, legally purchased, and not reported stolen. (Dkt. 52.)

Petitioner's Motion is based on Rule 60(b), which states grounds for relief from a final judgment including:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence...; (3) fraud...; (4) the judgment is void;...(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b) (emphasis added).

To the extend the claim raised in this Motion seeks to reopen the § 2255 proceedings as a new ground for relief, the Motion is treated as a § 2255 motion. *See United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011). Petitioner claims his constitutional rights have been violated and an injustice has occurred in this case because Petitioner's rebuttal of the Government's position concerning possession of the gun in question in the Amended Petition was based on the lost Affidavit of Ms. Forseth. (Dkt. 52.) A "defect in the integrity of the federal habeas proceedings," such as "fraud on the habeas court," might justify reopening § 2255 proceedings under Rule 60(b). *Gonzalez v. Crosby*, 545 U.S. 524, 532 & n. 5 (2005). This case, however, is not one in which Petitioner can or has demonstrated such a defect or that his is the rare case in which extraordinary circumstances justify reopening the final order denying his § 2255 motion pursuant to Rule 60(b)(6) as no defect in the integrity of Petitioner's § 2255 proceeding has been shown. *See Buenrostro*, 638

**MEMORANDUM ORDER - 2**

F.3d at 722-23.

At trial, Petitioner was found guilty Count 16 of the Indictment charging Felon in Possession of a Firearm as to a Smith and Wesson Model 39-2, 9mm pistol, serial number A535422. (CR Dkt. 375.) In the Affidavit Petitioner presents on this Motion, Ms. Forseth states that in 1981 she purchased a Smith and Wesson Model 39-2, 9mm pistol, serial number A535422, from a sporting goods shop in Wisconsin and she then gifted the weapon to Mr. Gorden Mertens. (Dkt. 52-4, Ex. R.) Ms. Forseth goes on to state that she asked about the legality of the purchase when she bought the gun and that she has no knowledge of the firearms whereabouts. At trial, the ATF Agent testified that the gun had been reported stolen in 1979, prior to Ms. Forseth's purchase. (Dkt. 52-5, Ex. EE) (discussing Trial Exhibit 100, Smith and Wesson 9mm pistol model 39, serial number A535422.) The fact that the firearm was stolen was not an element the Jury had to find in order to determine the Petitioner was guilty of Count 16. (Dkt. 378, Instr. 40.) Thus, the fact that the Affidavit may not have been submitted with his first § 2255 Petition nor trial counsel's failure to call Ms. Forseth at trial do not evidence the Petitioner's innocence nor any defect in the integrity of the proceedings against him.

To the extent the Petitioner's Motion seeks to bring a new claim for relief, independent from those claims adjudicated in his first § 2255 case, the Court treats this Rule 60(b) Motion as a § 2255 Motion. *Buenrostro*, 638 F.3d at 723. As such, the Court must consider whether Petitioner is allowed to file such a § 2255 motion. *Id.* Section 2255(h) provides:

**MEMORANDUM ORDER - 3**

> A second or successive motion must be certified ... by a panel of the appropriate court of appeals to contain –
>
>> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>>
>> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Here, there is no basis shown for allowing Petitioner to file this § 2255 petition. The Affidavit is not newly discovered evidence going to show the Petitioner's innocence nor any new rule of constitutional law that is applicable. As such, the Motion is denied.

Further, the Court denies any request for a certificate of appealability. In order to pursue any appeal from the denial or dismissal for writ of habeas corpus brought by a federal prisoner under 28 U.S.C. § 2255, a petition/appellant must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c);[1] Fed. R. App. P. 22(b).[2] When the denial or

---

[1] 28 U.S.C. § 2253(c) provides, in pertinent part:
(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
(B) the final order in a proceeding under section 2255.
(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

[2] Fed. R. App. P. 22(b)(1) provides that "In a habeas corpus proceeding in which the detention complained of arises out of process issued . . . in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justices or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c) . . ."

**MEMORANDUM ORDER - 4**

dismissal of a habeas corpus petition is based upon the merits of the claims in the petition, a district court should issue a certificate of appealability only where the appeal presents a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c). To satisfy the "substantial showing" standard, a petitioner "must demonstrate that the issues are debatable among jurists of reason[,] that a court could resolve the issues in a different manner or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983) (setting forth the standard for issuance of a certificate of probable cause, the predecessor to the certificate of appealability).

There is no substantial showing that can be made in this case. Petitioner has made no credible showing or any new arguments as to why this Court's ruling was incorrect and, further, there can be made no substantial showing of the denial of a constitutional right. *See Murphy v. Johnson*, 110 F.3d 10, 11 (5th Cir. 1997). Accordingly, a certificate of appealability cannot issue in this case.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Motion for Rule 60(b) (Dkt. 52) is **DENIED** and any request for Certificate of Appealability is **DENIED**.

DATED: April 11, 2018

Honorable Edward J. Lodge
U.S. District Judge

**MEMORANDUM ORDER - 5**